UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF VISTA, a California Municipality,<br><br>                                Plaintiff,<br><br>v.<br><br>TELEKOM TRANSPORTATION, LLC, a California Limited Liability Corporation, d/b/a VISTA TRANSPORT; VISTA TRANSPORT LLC and DOES 1-20, inclusive<br><br>                                Defendants. | Case No.:  20-cv-0514-GPC-AHG<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT;**<br><br>**[ECF No. 12]**<br><br>**DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>**[ECF No. 14]** |

Before the Court is Plaintiff City of Vista's ("Plaintiff") Motion for Leave to File a First Amended Complaint ("FAC"), filed on April 28, 2020.  ECF No. 12.  No oppositions have been filed.  Upon review of the moving papers, the Court finds good cause to permit the filing of a First Amended Complaint.  Additionally before the Court is Plaintiff's motion for default judgment.  ECF No. 14.

On March 19, 2020, Plaintiff filed the present action alleging four claims: (1) federal trademark infringement under 15 U.S.C. §1114; (2) false designation of origin, false advertising and unfair competition pursuant to Section 43(a) of the Lanham Act, 15

1  U.S.C. §1125(a); (3) violation of the California Business & Professions Code §17000 et
2  seq.; (4) trademark dilution under 15 U.S.C. §1125(c).  ECF No. 1.  Plaintiff entered its
3  request for entry of default against Vista Transport LLC ("Vista") on April 17, 2020.
4  ECF No. 7.  The Clerk of Court entered default against Vista on April 20, 2020.  ECF
5  No. 8.  Plaintiff entered its request for entry of default against Telekom Transportation
6  LLC ("Telekom") on April 28, 2020.  ECF No. 11.  On that same day, Plaintiff filed this
7  instant motion seeking leave to file a FAC.  Plaintiff later filed a redlined version of the
8  FAC on April 29, 2020.  ECF No. 13.

In the FAC, Plaintiff seeks to add Ali Hashim as a defendant in this action. Plaintiff does not seek to add any additional claims or to alter any of the existing claims, and notes that since this case is in its "early stages," this amendment would "result in no inconveniences imposed on any party." *Id.*

Rule 15(a) of the Federal Rules of Civil Procedure states that, after the initial period for amendments as of right, pleadings may only be amended by leave of court, which "[t]he court shall freely give when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment. *Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).  "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend." *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)).

"Unless undue prejudice to the opposing party will result, a trial judge should ordinarily permit a party to amend its complaint." *Howey*, 481 F.2d at 1190 (motion to amend should have been granted where there was showing that defendant would have been prejudiced thereby).  "Where there is a lack of prejudice to the opposing party and

the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Id.* at 1190-91.

Here, there is no indication that defendants would be prejudiced by the addition of Ali Hashim as a defendant.[1]  Plaintiff states that "new information regarding Defendants' organization structure . . . places Ali Hashim as the center of power and control of the operation."  ECF No. 12 at 4.  Further, the Court finds that Plaintiff's unopposed amendment to the complaint will not produce any undue delay or prejudice to Telekom or Vista.  Thus, the Court finds good cause to permit the filing of a First Amended Complaint.  Accordingly, Plaintiff's motion for default judgment on the basis of the original complaint is denied as moot.

IT IS HEREBY ORDERED:

(1) Plaintiff's Motion for Leave to File a First Amended Complaint ("FAC"), ECF No. 12, is hereby **GRANTED**.

(2) Plaintiff's Motion for Default Judgment, ECF No. 14, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated:  May 29, 2020

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Counsel for both parties have failed to follow the applicable Local Rules and Federal Rules of Civil Procedure in their various filings.  Both parties are encouraged to carefully review the Court's Local Rules, the Chambers Civil Pretrial & Trial Procedures, and Federal Rules of Civil Procedure when filing future pleadings in this action.