UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF VISTA,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>TELEKOM TRANSPORTATION, LLC, *et al.*,<br><br>        Defendants/Counter-Claimants. | Case No.: 3:20-cv-00514-AHG<br><br>**ORDER AMENDING DISMISSAL ORDER TO REFLECT THE PARTIES' AGREEMENT TO THE COURT'S CONTINUING JURISDICTION OVER THE SETTLEMENT AGREEMENT**<br><br>**[ECF No. 44]** |

On November 24, 2020, the Court granted the parties' Joint Motion for Voluntary Dismissal (ECF No. 43), dismissing this action with prejudice after the parties settled the case during the Early Neutral Evaluation Conference ("ENE") before Magistrate Judge Allison H. Goddard. ECF No. 44.

The parties consented to Judge Goddard to retain jurisdiction to decide all disputes arising out of the settlement agreement in this action. *See* ECF No. 38. Indeed, the Court's continuing jurisdiction to enforce the settlement agreement was a settlement term discussed and agreed upon by the parties during the ENE, and Judge Goddard provided guidance to the parties after the ENE regarding how to complete the consent process so that the Court would retain such jurisdiction. However, upon review of the record, the Court has discovered that it failed to include a provision in the dismissal order making clear that the

Court would retain jurisdiction over the settlement agreement, which throws the Court's jurisdiction over the agreement into question. *See In re Valdez Fisheries Dev. Ass'n, Inc.*, 439 F.3d 545, 549 (9th Cir. 2006) (explaining that if a district court's dismissal order does not explicitly retain jurisdiction or incorporate the settlement terms, "enforcement of the settlement agreement is for state courts") (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381, 382 (1994)).

Because the record is clear that the parties intended to consent to the Court's jurisdiction to enforce the settlement agreement, and the case was reassigned to Judge Goddard expressly on that basis, *see* ECF No. 38, the Court finds the failure to explicitly retain jurisdiction to enforce the settlement agreement in the Dismissal Order was a "mistake arising from oversight or omission" within the meaning of Federal Rule of Civil Procedure 60(a). Accordingly, on its own motion, the Court hereby **AMENDS** the Dismissal Order (ECF No. 44) to include a provision specifying that the Court shall retain jurisdiction over the settlement agreement between the parties.

Pursuant to the parties' explicit grant of consent (ECF No. 38) and the terms of their agreement, this Court retains jurisdiction to enforce the settlement agreement. Any disputes arising out of the parties' settlement agreement shall be fully and finally resolved by Judge Goddard.

**IT IS SO ORDERED.**

Dated: May 5, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge